# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MONA FERN TITTLE,**
      **Plaintiff,**

    v.                                                                     Case No. 05C0435

**GEORGE WEBB RESTAURANTS,**
**RONI J KNUTSON-ZINNER, and**
**OFFICER CHAD RAHN,**[1]
      **Defendants.**

## DECISION AND ORDER

Pro se plaintiff Mona Fern Tittle alleges that George Webb Restaurants and its employee, Roni J. Knutsen-Zinner (together the "private defendants'), discriminated against her on the basis of her race (African-American) when they asked her to leave a restaurant after she and several friends (also African-American) moved dirty dishes from their table to a vacant table. Believing that the reason for the request was pretextural, plaintiff and her friends declined to leave, and defendant Knutson-Zinner called the police. Defendant Chad Rahn, a Village of Butler police officer, responded. Rahn notes in his report, which plaintiff attaches to the complaint, that Knutson-Zinner's reason for refusing plaintiff service seemed odd and that he observed a white couple move dirty dishes from their table to a vacant table without being asked to leave. However, Rahn insisted that plaintiff and her friends leave, possibly because Knutson-Zinner told him that they were drunk and disruptive.

---

[1] I have amended the caption to indicate the correct names of defendants.

Plaintiff alleged a number of claims, and the magistrate judge permitted her to proceed in forma pauperis on some of them, including a federal law discrimination claim against Rahn and a state statutory discrimination claim against the private defendants. The private defendants now move to dismiss, contending that I lack federal question jurisdiction over plaintiff's claim or claims against them. I will deny their motion for several reasons.

First, plaintiff appears to state a claim under Title II of the Civil Rights Act of 1964, which provides that: "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 USC § 2000a. Plaintiff does not identify this statute, but she is not required to do so. Under federal pleading standards, she need only state the nature of her grievance in a general way. Kolupa v. Roselle Park Dist., 438 F.3d 713, 714 (7th Cir. 2006). Further, because she is pro se, I must construe her pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

In addition, if plaintiff intends to pursue a claim under Title II, I have supplemental jurisdiction over her state statutory claim under 28 U.S.C. § 1367(a) because it is part of the same case or controversy as the Title II claim. Even if plaintiff does not intend to pursue a Title II claim, I have supplemental jurisdiction over her state statutory claim under § 1367(a) because it is part of the same case or controversy as her federal law claim against Rahn. Further, contrary to the private defendants' assertion, plaintiff's state law claim is not time-barred. The incident giving rise to plaintiff's claim occurred on October 17, 2004, and plaintiff filed the present action on April 15, 2005, well within the one-year

limitation period. Further, under § 1367(d), the limitations period is tolled during the pendency of the claim.

Therefore, for the reasons stated,

**IT IS ORDERED** that defendants George Webb Restaurants and Knutson-Zinner's motion to dismiss for lack of subject matter jurisdiction is **DENIED**.

Dated at Milwaukee, Wisconsin this 26 day of September, 2006.

/s_____
LYNN ADELMAN
District Judge